United States District Court
Southern District of Texas
**ENTERED**
July 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARA ELLIS, Individually and | § | |
| as Representative of the Estate | § | |
| of LARRY ELLIS, SR., and LARRY | § | |
| ELLIS, JR., Individually, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1319 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| VETERANS AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant United States Department of Veterans Affairs' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Alternatively, for Summary Judgment (Document No. 37). After carefully considering the motions, response made by Plaintiff Clara Ellis, reply, and applicable law, the Court concludes as follows.

I.   Background

Plaintiffs Clara Ellis ("Mrs. Ellis"), individually and as a representative of Larry Ellis, Sr.'s estate, and Larry Ellis, Jr. ("Larry Jr.," and together with Mrs. Ellis, "Plaintiffs") bring this Federal Tort Claims Act suit against Defendant United States Department of Veterans Affairs (the "Department") based on

allegedly negligent medical treatment received in 2011 by their husband and father, Larry Ellis Sr. ("Ellis") at the Michael E. DeBakey Veteran Affairs Medical Center ("VA Medical Center").[1] The parties have vigorously joined issue on the Department's alternative Motion for Summary Judgment by submitting evidentiary materials outside the pleadings and focusing on the applicable statute of limitations and whether there was equitable tolling. Hence, the Court likewise will give primary attention to the Motion for Summary Judgment and uncontroverted evidence pertaining thereto.

From January 28, 2011 through March 25, 2011, Ellis was hospitalized at the VA Medical Center for treatment of a tumor in his adrenal gland.[2] During his hospital stay, he suffered from several cardiac arrests.[3] Dr. Erika Vandoorn, a general surgeon, noted in a "Cardiac Impairment Questionnaire" dated March 10, 2011 that Ellis had been diagnosed with "left adrenal pheochromocytoma status post-cardiac arrest in operating room," that his prognosis was "good," and that he would need "long term rehab."[4] Dr. Vandoorn also noted that Ellis's symptoms of weakness, muscle atrophy, severe deconditioning, and the inability to do activities

---

[1] Document No. 34 (2d Am. Compl.).

[2] Document No. 38, ex. C ¶ 3.

[3] Id.

[4] Id., ex. B at 2 of 7.

of daily living, would likely continue for "at least three months from today."[5]  Three days after being released from the VA Medical Center, Ellis died at home on March 28, 2011 after suffering from what Mrs. Ellis describes as "cardiac complications."[6]

The day before Ellis's release from the VA Medical Center, Mrs. Ellis filed on his behalf an administrative claim with the Department, claiming damages for "injuries and wrongful deaths caused by doctors here at the VAMC here in Houston, TX."[7] Mrs. Ellis states in her affidavit that Ellis was administered anesthesia and penicillin--medicines to which he was allergic--while being treated at the VA Medical Center.[8]  Mrs. Ellis also states that Ellis "suffered an additional injury from falling out of his wheelchair while unsupervised."[9]

The Department denied the claim on December 6, 2012, and Mrs. Ellis requested reconsideration on April 29, 2013.[10]  On August 20, 2013, the Department's Regional Counsel sent to Mrs. Ellis via certified mail a letter responding to her request for reconsideration, stating:

---

[5] Id., ex. B at 3 of 7 and 6 of 7.

[6] Id., ex. C ¶ 5.

[7] Id., ex. A.

[8] Id., ex. C ¶ 3.

[9] Id.

[10] Id., ex. C. ¶ 7.

3

We have completed our reconsideration of your claim and note that you have continued to offer neither expert nor evidentiary evidence of your claim.  We have determined that the care provided to your husband by employees at the Department of Veterans Affairs (VAMC) was in accordance with the appropriate standard of care. Because our review revealed no evidence of a negligent or wrongful act by an employee of the VAMC acting within the scope of his or her employment, your claim is again denied.

If you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, Section 1346(b) and 2671-2680, Title 28 United States Code, which provides, in effect, that a tort claim which is administratively denied may be presented to a Federal district court for judicial consideration.  Such a suit must be initiated, however, within 6 months after the date of this letter (Section 2401(b), Title 28, United States Code.)  If you decide to initiate such suit, you are further advised that the proper party defendant would be the United States, not VA.[11]

Mrs. Ellis states in her affidavit that at various unspecified times she contacted several individuals in relation to her administrative claim.[12] Mrs. Ellis states that Kevin Curtis, Deputy Chief Counsel for the Department, told her "that the claim was denied because additional evidence was needed to process the

_____

[11] Id., ex. D.

[12] Id., ex. C. ¶¶ 8-14.  For example, Mrs. Ellis states that she "visited with Dr. James Scheridick at least four (4) times regarding this claim." Id., ex. C ¶ 6.  Mrs. Ellis also "on several occasions" contacted a "TVC representative" about the claim.  Id., ex. C ¶ 7.  Mrs. Ellis does not specify, however, exactly when she had these conversations.

4

claim."[13]    Mrs. Ellis also states that a supervisor for the "hotline" informed Mrs. Ellis on March 24, 2016, that "there is a second step that must be followed and that the actual processing of the [2011] Tort Claim will have to be handled on the local level."[14] Upon receiving this information, Mrs. Ellis states that she again contacted Kevin Curtis, who then told her that "I can help you with the Tort Claim *only if* you have new evidence."[15]   In response, Mrs. Ellis sent to Curtis via facsimile Ellis's medical records that she had obtained from Washington D.C., his DD-214, and a copy of the original administrative claim.[16]  Mrs. Ellis also states that "[a]s soon as Kevin Curtis processed the March 24, 2011 administrative claim, I filed my lawsuit pro se in federal court on May 11, 2016."[17]

---

[13] Id., ex. C ¶ 9.

[14] Id., ex. C. ¶ 10.

[15] Id., ex. C. ¶ 12 [emphasis in affidavit].

[16] Id.

[17] Id., ex. C ¶ 14.  On July 26, 2016, after Mrs. Ellis filed this suit, Curtis on behalf of the Department sent to Mrs. Ellis via certified mail a letter, stating

We have reviewed our records.  This office does not have jurisdiction to adjudicate the SF 95 filed on March 31, 2016.  You previously filed a claim on this same incident on March 25, 2011.  That claim was denied on December 6, 2012.  You asked for reconsideration of that claim on April 13, 2013.  The reconsideration process was complete on August 20, 2013 and again the case was denied.  In the denial letter we informed you that you must file any request for reconsideration or judicial redress within

Now represented by counsel, Plaintiffs allege in their Second Amended Complaint claims under the Federal Tort Claims Act ("FTCA") for malpractice, breach of fiduciary duty, and negligent supervision.[18]

## II.   Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Id. (citation omitted).

Absent waiver and consent to suit, the United States is immune from suit pursuant to the doctrine of sovereign immunity. Price v. United States, 69 F.3d 46, 49 (5th Cir. 1995). While the FTCA waives immunity with respect to actions "for money damages for

_____

six months of the date of the denial letter. You did not do so. Since you did not request reconsideration or file suit within the established time, the Department of Veterans Affairs (VA) and the United States have no jurisdiction to consider your claim.

Id., ex. F.

[18] Document No. 34.

6

. . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," that waiver is conditioned upon the plaintiff first having "presented the claim to the appropriate Federal agency" and having had the claim "finally denied by the agency." 28 U.S.C. § 2675(a). Presentment of a claim to the appropriate agency must occur within two years after the claim accrues, and suit must be filed within six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Id. § 2401(b). Although failure to file suit within the six-months statute of limitations does not present a jurisdictional bar, *see* United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1633 (2015) ("Section 2401(b) is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more."), the statutory requirement of "present[ing] the claim to the appropriate Federal agency" is jurisdictional. Barber v. United States, 642 F. App'x 411, 413 & 415 n.3 (5th Cir. 2016) ("We find that Wong's holding regarding the FTCA's time limits has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement."). Thus, even if Plaintiffs failed to file suit within the six-months statute of limitations, the Court would not be deprived of subject matter jurisdiction as

7

long as they properly presented their claims to the appropriate federal agency.

Here, it is undisputed that Mrs. Ellis timely filed on Ellis's behalf a claim with the Department;[19] however, Plaintiffs do not allege or provide any evidence that Larry Jr. at any time presented a claim to the Department on his own behalf or that he was a party to the claim Mrs. Ellis filed.[20]  In fact, Plaintiffs allege that Larry Jr. "was a minor during the incident made basis of this suit and was not aware of the claims that his mother was filing due to his father's medical treatment and death," and that he "later discovered the incidents that occurred through media attention and after he turned twenty-one (21) years old recently, and thus the discovery rule applies here."[21]  Even if Larry Jr. is permitted to file a future administrative claim with the Department based on principles of tolling during his minority or the discovery rule, this Court presently has no jurisdiction over his claims as he has not yet fulfilled the presentment requirement, which is a pre-condition to filing suit.  *See* 28 U.S.C. § 2675(a); <u>Barber</u>, 642 F. App'x at 413.  Because Larry Jr. did not present his claim to the

---

[19] Document No. 38, ex. A; Document No. 37 at 13 of 25 n.2.

[20] *See* Document No. 34 ¶¶ 35-38; Document No. 38, ex. A.  Larry Jr. was apparently present when Mrs. Ellis went to visit Ellis in the hospital and found out that he had fallen out of his wheelchair, *see* Document No. 38, ex. A at 5 of 7, but that is the only reference to Larry Jr. within the claim forms.

[21] Document No. 34 ¶¶ 35, 37.

8

Department prior to filing this lawsuit, the Court has no jurisdiction over his claims. Thus, Larry Jr.'s claims must be dismissed without prejudice for lack of subject matter jurisdiction.

III.   <u>Alternative Motion for Summary Judgment</u>

A.   <u>Standard of Review</u>

As observed above at page 2, both parties have joined issue on the motion for summary judgment by presenting and relying on evidence and materials outside the pleadings, which evidence the Court has not excluded, and therefore, the Department's motion is properly considered under Rule 56.

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  <u>Id.</u>  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its

case." <u>Id.</u> "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." <u>Id.</u> 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

B.     Statute of Limitations

        The Department argues that Mrs. Ellis's claims are barred by
the six-months statute of limitations applicable to FTCA claims.[22]
*See* 28 U.S.C. § 2401(b) ("A tort claim against the United States
shall be forever barred unless . . . action is begun within six
months after the date of mailing, by certified or registered mail,
of notice of final denial of the claim by the agency to which it
was presented.").  The uncontroverted summary judgment evidence is
that Mrs. Ellis timely filed with the Department an administrative
claim on Ellis's behalf, timely moved for reconsideration of her
claim after it was denied on December 6, 2012, and then received a
letter from the Department by certified mail dated August 20, 2013,
stating "[w]e have completed our reconsideration of your claim and
. . . your claim is again denied."[23]   The letter also advised
Mrs. Ellis that if she was dissatisfied with the Department's
action, she was entitled to file suit in Federal district court,
and that "[s]uch a suit must be initiated . . . within 6 months
after the date . . . of this letter."[24]  This August 20, 2013 letter
recited that it was "notice of final denial of the claim" for
purposes of 28 U.S.C. § 2401(b).  Mrs. Ellis did not file a lawsuit

---

[22] Document No. 37.

[23] Document No. 38, ex. D.

[24] <u>Id.</u>

within the six months period allowed or for more than two years thereafter, until May, 2016.[25] Hence, her suit is "forever barred." 28 U.S.C. ¶ 2401(b).

Mrs. Ellis argues that equitable tolling should apply because the Department told her she needed evidence to pursue her tort claim and misled her "into reasonably believing that her March 2011 administrative tort claim was *processed* and subsequently denied in 2011 and in 2013, when in fact it was not *processed* until 2016."[26]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Trinity Marine Prods., Inc. v. United States, 812 F.3d 481, 488-89 (5th Cir. 2016) (quoting Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). Equitable tolling is available in suits under the FTCA, Wong, 135 S. Ct. at 1633 (holding "that the FTCA's time bars are nonjurisdictional and subject to equitable tolling"), but courts should apply it "sparingly," and the burden is on the plaintiff to provide justification for its application. Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (citing Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061 (2002); Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995)). Equitable tolling may apply in situations where an agency misled a plaintiff about the nature of her rights. *See,*

---

[25] Document No. 1.

[26] Document No. 38 at 11 of 27.

*e.g.*, <u>Granger</u>, 636 F.3d at 712 (noting at least three "possible bases" for equitable tolling, including "the EEOC's misleading the plaintiff about the nature of her rights").

Mrs. Ellis argues that the Department misled her about her rights because it "consistently and continuously told [her] that the reason for the denial is due to *lack of evidence* and that more evidence would be needed to continue pursuit of her claim."[27]  At no point in her affidavit, however, does Mrs. Ellis state that a representative of the Department affirmatively told her not to file suit or that she did not have to file suit as stated in the Department's August 20, 2013 letter within six months after August 20, 2013.  *See* <u>Manning v. Chevron Chem. Co., LLC</u>, 332 F.3d 874, 880 (5th Cir. 2003) (noting in an employment discrimination case that equitable tolling is appropriate "only when the employer's affirmative acts mislead the employee and induce him not to act within the limitations period").  There is also no evidence that Mrs. Ellis took any action to preserve her rights within that six-month period after she received the final denial letter.  *See* <u>Perez v. United States</u>, 167 F.3d 913, 918 (5th Cir. 1999) (distinguishing the case from a "garden variety claim of excusable

---

[27] <u>Id.</u> at 18 of 27.  Indeed, the Department's August 30, 2013 final denial letter explained, "We have completed our reconsideration of your claim and note that you have continued to offer neither expert nor evidentiary evidence of your claim.  We have determined that the care provided to your husband . . . was in accordance with the appropriate standard of care."

neglect" because "the plaintiff took some step recognized as important by the statute before the end of the limitations period"). Although Mrs. Ellis states in her affidavit that she spoke with a number of individuals regarding the administrative claim, there is no evidence as to when these conversations took place or whether they occurred within the six months following the date of the notice of final denial.[28]

The earliest conversation to which Mrs. Ellis ascribes a date occurred on March 24, 2016--almost three years after she received the final denial letter--when Mrs. Ellis spoke with a supervisor from the "hotline,"[29] who told Mrs. Ellis that "the actual processing of the Tort Claim will have to be handled at the local level."[30] From this conversation, Mrs. Ellis states she "realized that [her] initial claim in 2011 was never properly processed," and contacted Kevin Curtis, to whom she then sent all of Ellis's medical records, the original DD214, and re-sent the original administrative claim from March 24, 2011, which Curtis said he would have filed and processed with the Department.[31] Viewing these facts in the light most favorable to Mrs. Ellis, the "hotline"

---

[28] *See generally* id., ex. C.

[29] Two paragraphs before in her affidavit Mrs. Ellis identifies the customer service "hotline" at "1.877.294.6380."

[30] Id., ex. C ¶ 10.

[31] Id., ex. C ¶ 12.

14

customer service supervisor's comment that tort claims have to be handled at a local level provides no basis from which to infer that the Department misled Mrs. Ellis about her rights or implied that Mrs. Ellis's claim had not been processed.   This conversation occurred almost three years after the Department expressly informed Mrs. Ellis by letter, which Mrs. Ellis acknowledges that she received, that the Department had "completed [its] reconsideration of her claim" and that the claim was "again denied."[32]

In sum, Plaintiffs have presented no evidence to raise a genuine issue of material fact that the Department misled Mrs. Ellis about her rights with respect to filing her FTCA lawsuit, nor evidence of any other basis to justify equitable tolling of the FTCA statute of limitations.   *See* Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999) ("The claimant bears the burden of justifying equitable tolling.").   Accordingly, the FTCA claims brought by Mrs. Ellis, individually and as a representative of Ellis's estate, are dismissed as time-barred.

### IV.   Order

For the foregoing reasons, it is

ORDERED that Defendant United States Department of Veteran Affairs' Motion for Summary Judgment (Document No. 37) is GRANTED. The claims brought by Plaintiff Clara Ellis, individually and as a

---

[32] Id., ex. D.

representative of the Estate of Larry Ellis, Sr., are DISMISSED with prejudice, and Plaintiff Larry Ellis, Jr.'s claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

A Final Judgment will be filed separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this ___7TH___ day of July, 2017.


                                    EWING WERLEIN, JR.
                              UNITED STATES DISTRICT JUDGE