Case 4:16-cv-01319 Document 48 Filed in TXSD on 09/11/17 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARA ELLIS, Individually and as Representative of the Estate of LARRY ELLIS, SR., and LARRY ELLIS, JR., Individually, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-1319 |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | § § § § | |
| Defendant. | § | |

## ORDER ON MOTION FOR RECONSIDERATION

Pending is Plaintiff Larry Ellis, Jr.'s Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment Against Plaintiff Larry Ellis, Jr. (Document No. 46). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

The background for this case is outlined in the Court's Memorandum and Order signed July 7, 2017, and need not be repeated here. In that Order, the Court granted Defendant United States Department of Veteran Affairs's (the "Department") Motion for Summary Judgment and dismissed without prejudice Plaintiff Larry Ellis, Jr.'s ("Larry Jr.") claims arising under the Federal Tort Claims Act because there was no evidence that Larry Jr. had presented his claims to the Department, and thus, the Court lacked subject-matter jurisdiction over Larry Jr.'s claims. *See* 28 U.S.C. § 2675(a).

Larry Jr. now moves for reconsideration of this ruling, and provides for the first time evidence that on October 26, 2016, he filed a claim with the Department, alleging wrongful death, medical malpractice, and reckless and negligent treatment of his father, Larry Ellis, Sr. on January 28, 2011.[1] Based on the evidence provided, which Defendant does not dispute, Plaintiff appears to have fulfilled the presentment requirement such that the Court may exercise jurisdiction over his claims. *See* 28 U.S.C. § 2675(a); Barber v. United States, 642 F. App'x 411 (5th Cir. 2016).

Plaintiff Larry Ellis, Jr.'s request that he now be granted a jury trial, however, must be denied for the same reasons argued in the Department's motion for summary judgment and also explained in the Department's final denial letter of April 7, 2017, which Plaintiff attaches to his motion for reconsideration,[2] namely Larry Jr.'s claims were not timely filed.

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Larry Jr. did not present his claim to the Department until October 26, 2016, more than five years after his father's injury and death.[3] Plaintiff's minority

---

[1] Document No. 46, ex. A.

[2] Document No. 37 at 17 of 25; Document No. 46, ex. C.

[3] Document No. 46, ex. A.

at the time of the alleged injury of his father does not provide a basis for equitable tolling. *See* MacMillan v. United States, 46 F.3d 377, 381 (5th Cir. 1995) ("[U]nder the FTCA, the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's knowledge of the injuries is imputed to him.'" (quoting Zavala v. United States, 876 F.2d 780, 782 (9th Cir. 1989))). Because Plaintiff's claim was not filed for him by his mother or next friend within two years after the date of the alleged injury to his father, it is forever barred. The Department is entitled to summary judgment on the merits on Larry Jr.'s FTCA claim. Accordingly, it is

ORDERED that Plaintiff Larry Ellis, Jr.'s Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment Against Plaintiff Larry Ellis, Jr. (Document No. 46) is GRANTED inasmuch as Larry Jr. has established that the Court has jurisdiction over his claims. The claims brought by Plaintiff Larry Ellis, Jr. against Defendant Department of Veterans Affairs are DISMISSED with prejudice as untimely.

An Amended Final Judgment will be filed separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 11TH day of September, 2017.

*[signature: Ewing Werlein, Jr.]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE